# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

|                        |     |                    |
|------------------------|-----|--------------------|
| STATE OF DELAWARE,     | )   |                    |
|                        | )   |                    |
|                        | )   |                    |
| v.                     | )   | ID No. 1303007210  |
|                        | )   |                    |
| THOMAS J. LOVE,        | )   |                    |
|                        | )   |                    |
| Defendant.             | )   |                    |

Submitted: February 13, 2015
Decided: March 6, 2015
Corrected:  March 10, 2015

## ORDER DENYING MOTION FOR CREDIT TIME

This 6th day of March, 2015, upon consideration of the Defendant's Motion to Receive Credit for Time Previously Served and the record in this matter, it appears to the Court that:

(1)    On March 9, 2013, Thomas J. Love committed the crime of escape.   On March 10, 2013, Love was taken into custody for that offense. At the time it was believed that Love was then-subject to the terms of probated sentences stemming from two prior convictions.[1]

---

[1]    *See* VOP Sentencing Order, *State v. Thomas J. Love*, ID Nos. 1110005901 & 1110003316 (Del. Super. Ct. Sept. 25, 2012).

(2) On February 24, 2014, Love pleaded guilty to Escape After Conviction.[2] His sentencing occurred several months later, on May 16, 2014, after a pre-sentence investigative report was prepared and the State had filed an habitual criminal petition.[3] Love was sentenced to the minimum required: eight years at Level V to be served under the provisions of the Habitual Criminal Act.[4] He filed no direct appeal from his conviction or sentence.

(3) Love has now filed the present motion requesting that additional credit for time previously served be applied to this sentence.[5] Love seeks to have the period he served from March 10, 2013 (the day he was returned to Level V custody after his escape) until September 24, 2013

---

[2] DEL. CODE ANN. tit. 11, § 1253 (2013) (escape after conviction).

[3] *Id.* at § 4214(a) (providing that a person who has been thrice previously convicted of a felony and is thereafter convicted of another felony may be declared an habitual criminal; the Court may then, in its discretion, impose a sentence of up to life imprisonment for that or any subsequent felony).

[4] *Id.* (any person sentenced under § 4214(a) must receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for any fourth or subsequent Title 11 violent felony which forms the basis of the State's habitual criminal petition); DEL. CODE ANN. tit. 11, §§ 1253, 4201(c) and 4205(b)(4) (2013) (escape after conviction, without force or injury, is a class D felony with a statutory maximum of eight years imprisonment). *See Velazquez v. State*, 2015 WL 849477, at *2 (Del. Feb. 25, 2015) (citing *Forehand v. State*, 997 A.2d 673 (Del. 2010) and *Williams v. State*, 2014 WL 642281 (Del. Feb. 7, 2014)) (such sentence is required and constitutional)).

[5] Although Love was sentenced on May 16, 2014, the Court made the sentence's effective date September 26, 2013. *See McNair v. State*, 2011 WL 768639 (Del. Mar. 4, 2011) (under 11 *Del. Code* § 3901(b) and (c), a defendant may be credited with Level V time served in default of bail by 'backdating'" the effective date).

(the day before an unrelated violation of probation (VOP) hearing) credited to the Escape After Conviction sentence he is now serving.[6]

(4)    Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[7]  Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed:   exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[8]  Love's – a motion seeking application of the statute requiring sentence credit for all

---

[6]    Def. Rule 35(a) Mot. at 2.  Because the effective date of the sentence challenged here is September 26, 2013, the period in question is actually the 199 days Love spent in Level V custody from March 10, 2013 to September 25, 2013.

[7]    Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

[8]    *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

time claimed to have been served at Level V for a particular offense[9] – must be considered under the provisions of Rule 35(a).[10]

(5) Love suggests that he is due additional credit on his escape sentence[11] because a VOP allegation related to a prior attempted robbery conviction was withdrawn.[12] He is correct that that VOP was withdrawn; his sentence in that case had been fully served before the alleged VOP occurred.[13] But Love ignores the VOP sentence that was imposed in a

---

[9] DEL. CODE ANN. tit. 11, § 3901(b) (2013):

All sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of incarceration for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct.

[10] *But see Kimble v. State*, 2013 WL 6211846 (Del. Nov. 26, 2013) (affirming this Court's denial of a second motion to credit time as repetitive and time-barred under Rule 35(b)).

[11] *See* Sentencing Order, *State v. Thomas J. Love*, ID No. 1303007210 (Del. Super. Ct. May 16, 2014) (consistent with then-existing statutory requirements, Court made sentence effective September 26, 2016, the day after Love completed his VOP sentence in ID No. 1110003316).

[12] Def. Rule 35(a) Mot. at 2.

[13] *See* Docket Item #26, *State v. Thomas J. Love*, ID No. 1110005901 (Del. Super. Ct. Sept. 25, 2013); *see also* VOP Sentencing Order, *State v. Thomas J. Love*, ID Nos. 1110005901 & 1110003316 (Del. Super. Ct. Sept. 25, 2012) (Love's sentence for VN11-10-0907-02 (VOP-attempted robbery) was six months of work release that began on September 4, 2012).

-4-

second matter. On September 25, 2013, Love was sentenced for violating the terms of his probated sentence stemming from a felony receiving stolen property conviction.[14] For that VOP, he was sentenced to serve 199 days (from March 10, 2013 to September 25, 2013).[15]

(6) An inmate is entitled to Level V credit for all time served at Level V incarceration.[16] Under then-extant law, however, concurrent sentences of confinement were not permitted in Delaware.[17] A single period of confinement could not be credited against more than one sentence.[18] And to the extent Love might believe otherwise, the new provisions of § 3901(d)[19] – enacted some 16 months after his crime and about two months after his sentencing – have no retroactive effect.[20] So the Court must deny

---

[14] *See* Docket Items #24 & #25, *State v. Thomas J. Love*, ID No. 1110003316 (Del. Super. Ct. Sept. 25, 2013).

[15] VOP Sentencing Order, *State v. Thomas J. Love*, ID No. 1110003316 (Del. Super. Ct. Sept. 25, 2013).

[16] *Oakley v. State*, 2008 WL 836598, at *2 (Del. Mar. 31, 2008).

[17] DEL. CODE ANN. tit. 11, § 3901(b) (2013) ("No sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant.").

[18] *Villafane v. State*, 2013 WL 85194, at *2 (Jan. 7, 2013).

[19] *See* 79 DEL. LAWS c. 297 (2014) (effective July 9, 2014; amended 11 *Del. C.* § 3901(d) to grant a sentencing judge discretion to impose either concurrent or consecutive sentences for certain crimes).

[20] *State v. Priest*, 2014 WL 5003419 (Del. Super. Ct. Oct. 6, 2014) (recently amended § 3901(d) provisions could not be applied retroactively); *State v. Perkins*, 2014

Love's motion to have additional time-served credited to his sentence for escape.

**NOW, THEREFORE, IT IS ORDERED** that Thomas J. Love's motion to receive credit for time previously served is **DENIED**.

*/s/ Paul R. Wallace*
Paul R. Wallace, Judge

Original to Prothonotary

cc:    Diana A. Dunn, Deputy Attorney General
Kathryn A.C. van Amerongen, Esquire
Mr. Thomas J. Love, *pro se*
Investigative Services Office

---

WL 4179882 (Del. Super. Ct. Aug. 21, 2014) (same); *State v. Coverdale*, 2014 WL 4243631 (Del. Super. Ct. Aug. 13, 2014) (same); *State v. Jennings*, 2014 WL 3943089 (Del. Super. Ct. Aug. 11, 2014) (same).

-6-